**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**CHARLES LAZONE HOLLYWOOD**                                    **PETITIONER**
**Reg #35787-044**

**VS.**                         **CASE NO.: 2:14CV00149 JM/BD**

**C. V. RIVERA, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                         **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

        This Recommended Disposition ("Recommendation") will be sent to United States

District Judge James M. Moody, Jr.  Mr. Hollywood - or any party - may file written

objections to this Recommendation.

        Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

        Your objections must be received in the office of the United States District Court

Clerk within fourteen (14) days of this Recommendation.  The Clerk of the Court will

furnish a copy of your objections to the opposing party.

        If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Background

Petitioner Charles Lazone Hollywood pleaded guilty to distribution of five grams or more of cocaine base.  (Docket entry #1 at p. 1)  The Court sentenced Mr. Hollywood to 144 months' imprisonment.  (#8-1 at p. 2)

After Mr. Hollywood was sentenced, the guideline sentencing range was lowered, and the change was made retroactive by the United States Sentencing Commission.  Mr. Hollywood filed a motion for reduction of his sentence based upon the change, which the trial court denied.  (#8-3)

Mr. Hollywood files this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence enhancement as a career offender.  (#1 at p. 1)  He claims that he is actually innocent of being a career offender, that the enhancement was an error, and that it has caused a miscarriage of justice.  (#1 at p. 2)  For reasons that follow, the Court recommends DISMISSAL of the petition without prejudice.

## III.    Jurisdiction

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing

*Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)).  A claim that a sentence exceeded the maximum allowed under law is properly brought under § 2255.  28 U.S.C. § 2255(a).

A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out.  That claim lies within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention."  28 U.S.C. § 2255(e)(emphasis added).  The last clause is a provision generally referred to as § 2255's "savings clause."  *Abdullah*, 392 F.3d at 959.  Mr. Hollywood argues that the savings clause applies in this case.

A petitioner who seeks to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective.  *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).  But this exception is a "narrowly circumscribed safety valve."  *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct.

275 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Further, the § 2255 remedy is not deemed inadequate or ineffective because the claim was previously raised in a § 2255 motion but rejected – either because the petitioner was denied leave to file a second or successive § 2255 petition, or because a § 2255 petition was time-barred. *Id.*

Here, Mr. Hollywood filed a petition with the sentencing court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Hollywood v. U.S.*, 1:12cv00155-SNLJ (E.D. Mo. Sept.14, 2012). In the petition, Mr. Hollywood argued that, under the United States Supreme Court case of *Shepard v. United States*, 544 U.S. 13, (2005), one of the prior convictions on which the Court relied to enhance his sentence was not a violent felony. *Hollywood*, at docket entry #2 (filed Sept. 14, 2012). The Court issued an order to show cause why his petition should not be dismissed as untimely. *Id.* at #3. Mr. Hollywood responded to the order, but the Court found his arguments to be without merit and dismissed the petition as time barred. *Id.* at #5 (filed Oct. 22, 2012).

Mr. Hollywood filed a notice of appeal challenging the denial of his petition. The Eighth Circuit Court of Appeals treated the notice as an application for a certificate of appealability and denied it. *Hollywood v. U.S.*, No. 12-3725, (8th Cir. March 20, 2013).

Mr. Hollywood then filed a second petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on May 19, 2014, arguing that he was incorrectly

4

sentenced as a career offender based on *Descamps v. U.S.*, 133 S.Ct. 2276 (2013).

*Hollywood v. U.S.*, Case No. 1:14cv00067-SNLJ (E.D. Mo. May 19, 2014).  The court

found the petition to be successive and transferred it to the Eighth Circuit Court of

Appeals, which treated it as an application to file a successive petition.  *Id*. at #5, *#6*.  The

Court denied Mr. Hollywood's application.  *Hollywood v. U.S.*, Case No. 14-2312 (Oct.

20, 2014).

      Here, Mr. Hollywood again challenges his sentence based on *Descamps*, arguing

that his offenses did not qualify as predicate offenses to qualify him as a career offender.

(#1 at p. 2)  Mr. Hollywood argues that the savings clause applies here because he is

actually innocent of being a career offender.  (#1 at p. 2)

      The Eighth Circuit has neither affirmed nor rejected actual innocence as a means

of bypassing the gate-keeping requirements of § 2255.  See *United States v. Lurie*, 207

F.3d 1075, FN4 (8th Cir. 2000) (declining to address whether a claim of actual innocence

allows a petition to bypass the gate-keeping requirements of §2255 and proceed with a

§2241 claim).  In *Abdullah v. Hedrick*, 392 F.3d 957, 960–64 (8th Cir. 2004) cert. denied,

545 U.S. 1147 (2005), the Court canvassed other circuits' case law on actual innocence as

a gateway to use §2255's savings clause, but ultimately concluded that the prisoner in that

case had an "unobstructed procedural opportunity" to obtain review of his claim in his

first § 2255 motion and affirmed the dismissal of his § 2241 petition.  *Id.*

Similarly, here Mr. Hollywood had unobstructed procedural opportunities to raise his claim.  He brought two petitions to vacate to the sentencing court, appealed the dismissal of his petition, and applied to bring a second or successive petition.  The fact that Mr. Hollywood was time-barred from filing the first § 2255 motion does not render the remedy inadequate or ineffective so as to permit him to file this petition under § 2241. *Lopez-Lopez*, 590 F.3d at 907.  Further, the § 2255 remedy is not deemed inadequate or ineffective because the claim was previously raised in a § 2255 motion but rejected, or because he was denied leave to file a second or successive § 2255 petition.  *Id*.  Under the circumstances, Mr. Hollywood has not demonstrated that the § 2255 remedy was inadequate or ineffective so as to qualify for the statute's savings clause.

## IV.    Conclusion

Because the court lacks subject matter jurisdiction over Mr. Hollywood's 28 U.S.C. § 2241 petition for writ of habeas corpus, this Court recommends that Mr. Hollywood's petition (#1) be  DISMISSED, without prejudice.

DATED this 10th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE